# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| STRIKEFORCE TECHNOLOGIES, INC., 1090 King Georges Post Road Edison, New Jersey 08837<br><br>Plaintiff,<br><br>v.<br><br>AUTHENTIFY, INC., 8745 West Higgins Road Suite 240 Chicago, Illinois 60631<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Jury Trial Demanded |

StrikeForce Technologies, Inc. (hereinafter "Plaintiff"), files this Complaint for patent infringement against Authentify, Inc. (hereinafter "Defendant"), and, in support thereof, further states and alleges as follows:

## THE PARTIES

1.  Plaintiff, StrikeForce Technologies, Inc. is a corporation incorporated in the state of Wyoming, with its principal place of business located at 1090 King Georges Post Road, Edison, New Jersey 08837.

2.  Defendant Authentify, Inc. is a corporation existing under the laws of the state of Delaware, with its principal place of business at 8745 West Higgins Road, Suite 240, Chicago, IL 60631.

## JURISDICTION AND VENUE

3.  This is a civil action for patent infringement under the laws of the United States, Title 35 United States Code §§ 1, *et seq*.

4.  This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent-exclusive jurisdiction).

1

5.      This Court has personal jurisdiction over Defendant because the Defendant is incorporated in the state of Delaware.

6.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b), because Defendant resides in this district and because Defendant has infringed the patents at issue in this district and elsewhere by making, using, offering for sale, or selling systems and methods for out-of-band authentication.

## FACTUAL BACKGROUND

7.      On January 11, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,870,599, entitled "Multichannel Device Utilizing a Centralized Out-of-Band Authentication System (COBAS)" ("the '599 Patent"). On December 27, 2011, the United States Patent and Trademark Office duly and legally issued Ex Parte Reexamination Certificate No. 7,870,599C1. A true and correct copy of the '599 Patent, including the '599C1 Certificate, is attached hereto as Exhibit "A".

8.      On July 9, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,484,698, entitled "Multichannel Device Utilizing a Centralized Out-of-Band Authentication System (COBAS)" ("the '698 Patent"). A true and correct copy of the '698 Patent is attached hereto as Exhibit "B".

9.      On April 29, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,713,701, entitled "Multichannel Device Utilizing a Centralized Out-of-Band Authentication System (COBAS)" ("the '701 Patent"). A true and correct copy of the '701Patent is attached hereto as Exhibit "C".

10.     Plaintiff, StrikeForce Technologies, Inc. is the owner by assignment of the '599 Patent, the '698 Patent, and the '701 Patent (collectively the "Patents").

11. The Patents are directed to multichannel security systems and methods for authenticating a user seeking to gain access to, for example, Internet websites and VPN networks, such as those used for conducting banking, social networking, business activities, and other online services. Such technology is sometimes known as "out-of-band" authentication. When coupled with more traditional processes, they are more commonly known as two factor authentication.

12. StrikeForce offers a product that performs out-of-band authentication, known as ProtectID®. Since at least as early as February 10, 2011, the statutory patent notice was placed on the ProtectID® product.

## COUNT I

### Direct Infringement of the '599 Patent

13. Plaintiff incorporates by this reference the averments in the above-stated paragraphs.

14. Defendant has infringed the '599 Patent in this district and elsewhere by making, using, offering for sale, or selling systems and methods for out-of-band authentication, including but not limited to the following products: Phone-Based Two Factor Authentication (2FA), Identity & Access Management, and 2 Factor Authentication for VPN's (2FA), all in violation of 35 U.S.C. § 271(a).

15. Upon information and belief, since before the filing of this lawsuit, Defendant has had actual or constructive knowledge of the '599 Patent.

16. As a direct and proximate result of Defendant's acts of infringing the '599 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant's infringement.

17. Upon information and belief, Defendant has knowingly, willfully, and deliberately infringed the '599 Patent, in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

18. Defendant will continue to directly infringe the '599 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, selling, offering for sale, and importing as mentioned above.

19. The direct infringement of the '599 Patent by Defendant has deprived, and will deprive, Plaintiff of sales proceeds, subscription fees, licensing fees, royalties and other related revenue that Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from infringing the '599 Patent on all products and web services Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '599 Patent.

## COUNT II

### Direct Infringement of the '698 Patent

20. Plaintiff incorporates by this reference the averments in the above-stated paragraphs.

21. Defendant has infringed the '698 Patent in this district and elsewhere by making, using, offering for sale, or selling systems and methods for out-of-band authentication, including but not limited to the following products: Phone-Based Two Factor Authentication (2FA), Identity & Access Management, and 2 Factor Authentication for VPN's (2FA), all in violation of 35 U.S.C. § 271(a).

Case 1:14-cv-01074-UNA   Document 1   Filed 08/19/14   Page 5 of 18 PageID #: 5

22. As a direct and proximate result of Defendant's acts of infringing the '698 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant's infringement.

23. Upon information and belief, Defendant has knowingly, willfully, and deliberately infringed the '698 Patent, in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

24. Defendant will continue to directly infringe the '698 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, selling, offering for sale, and importing as mentioned above.

25. The direct infringement of the '698 Patent by Defendant has deprived, and will deprive, Plaintiff of sales proceeds, subscription fees, licensing fees, royalties and other related revenue that Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from infringing the '698 Patent on all products and web services Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '698 Patent.

## COUNT III

### Direct Infringement of the '701 Patent

26. Plaintiff incorporates by this reference the averments in the above-stated paragraphs.

27. Defendant has infringed the '701 Patent in this district and elsewhere by making, using, offering for sale, or selling systems and methods for out-of-band authentication, including

5

but not limited to the following products:  Phone-Based Two Factor Authentication (2FA), Identity & Access Management,  and 2 Factor Authentication for VPN's (2FA), all in violation of 35 U.S.C. § 271(a).

28.     As a direct and proximate result of Defendant's acts of infringing the '701 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant's infringement.

29.     Upon information and belief, Defendant has knowingly, willfully, and deliberately infringed the '701 Patent, in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

30.     Defendant will continue to directly infringe the '701 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, selling, offering for sale, and importing as mentioned above.

31.     The direct infringement of the '701 Patent by Defendant has deprived, and will deprive, Plaintiff of sales proceeds, subscription fees, licensing fees, royalties and other related revenue that Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from infringing the '701 Patent on all products and web services Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '701 Patent.

## COUNT IV

### Active Inducement of Infringement of the '599 Patent

32. Plaintiff incorporates by this reference the averments in the above-stated paragraphs.

33. Defendant has, under 35 U.S.C. § 271(b), indirectly infringed, and continues to indirectly infringe the '599 Patent by, *inter alia*, inducing others to make, use, sell, offer for sale, and/or import into the United States the above-mentioned products and services covered by the '599 Patent, and distributing, marketing, and/or advertising those products and web services covered by the '599 Patent in this judicial district and elsewhere in the United States.

34. The customers of Defendant directly infringe the claims of the '599 Patent by placing every element of the claimed systems into use, having control over those systems when used, and directly benefiting from the use of those systems. For example, Defendant's customers utilize the two-factor authentication system claimed in the '599 Patent based on the marketing and providing of such an authentication system to them for use in securely gaining access to various Internet websites and VPN networks.

35. Upon information and belief, Defendant is also aware that it provides its customers with products and web services that are used in a manner that infringes the '599 Patent.

36. Defendant specifically intends for its customers to use its products and web services and knows that its customers are using its products and web services in an infringing manner.

37. Defendant specifically encourages and instructs their customers to use its products and web services in a manner that Defendant knows constitutes infringement of the '599 Patent.

38. As the result of Defendant's activities as aforesaid, and their customer's activities in utilizing the systems of the claims of the '599 Patent, Defendant is liable for indirect infringement.

39. As a direct and proximate result of Defendant's acts of infringing the '599 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant's infringement.

40. Upon information and belief, Defendant has knowingly, willfully, and deliberately induced infringement of the '599 Patent in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

41. Defendant will continue to induce infringement of the '599 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, selling, offering for sale, and importing as mentioned above.

42. The induced infringement of the '599 Patent by Defendant has, and will, deprive Plaintiff of sales, licensing fees, royalties and other related revenue that Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from inducing infringement of the '599 Patent for all products and web services Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '599 Patent.

## COUNT V

### Active Inducement of Infringement of the '698 Patent

43. Plaintiff incorporates by this reference the averments in the above-stated paragraphs.

44. Defendant has, under 35 U.S.C. § 271(b), indirectly infringed, and continues to indirectly infringe the '698 Patent by, *inter alia*, inducing others to make, use, sell, offer for sale, and/or import into the United States the above-mentioned products and services covered by the '698 Patent, and distributing, marketing, and/or advertising those products and web services covered by the '698 Patent in this judicial district and elsewhere in the United States.

45. The customers of Defendant directly infringe the claims of the '698 Patent by placing every element of the claimed systems into use, having control over those systems when used, and directly benefiting from the use of those systems. For example, Defendant's customers utilize the two-factor authentication system claimed in the '698 Patent based on the marketing and providing of such an authentication system to them for use in securely gaining access to various Internet websites and VPN networks.

46. Defendant specifically intends for its customers to use its products and web services and knows that its customers are using Defendant's products and web services in an infringing manner.

47. Defendant specifically encourages and instructs their customers to use its products and web services in a manner that Defendant knows constitutes infringement of the '698 Patent.

48. As the result of Defendant's activities as aforesaid, and their customer's activities in utilizing the systems of the claims of the '698 Patent, Defendant is liable for indirect infringement.

49. As a direct and proximate result of Defendant's acts of infringing the '698 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant's infringement.

50. Upon information and belief, Defendant has knowingly, willfully, and deliberately induced infringement of the '698 Patent in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

51. Defendant will continue to induce infringement of the '698 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, selling, offering for sale, and importing as mentioned above.

52. The induced infringement of the '698 Patent by Defendant has, and will, deprive Plaintiff of sales, licensing fees, royalties and other related revenue that Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from inducing infringement of the '698 Patent for all products and web services Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '698 Patent.

## COUNT V

### Active Inducement of Infringement of the '701 Patent

53. Plaintiff incorporates by this reference the averments in the above-stated paragraphs.

54. Defendant has, under 35 U.S.C. § 271(b), indirectly infringed, and continues to

indirectly infringe the '701 Patent by, *inter alia*, inducing others to make, use, sell, offer for sale, and/or import into the United States the above-mentioned products and services covered by the '701 Patent, and distributing, marketing, and/or advertising those products and web services covered by the '701 Patent in this judicial district and elsewhere in the United States.

55. The customers of Defendant directly infringe the claims of the '701 Patent by placing every element of the claimed systems into use, having control over those systems when used, and directly benefiting from the use of those systems. For example, Defendant's customers utilize the two-factor authentication system claimed in the '701 Patent based on the marketing and providing of such an authentication system to them for use in securely gaining access to various Internet websites and VPN networks.

56. Defendant specifically intends for its customers to use its products and knows that its customers are using Defendant's products and web services in an infringing manner.

57. Defendant specifically encourages and instructs their customers to use its products and web services in a manner that Defendant knows constitutes infringement of the '701 Patent.

58. As the result of Defendant's activities as aforesaid, and their customers activities in utilizing the systems of the claims of the '701 Patent, it is liable for indirect infringement.

59. As a direct and proximate result of Defendant's acts of infringing the '701 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant's infringement.

60. Upon information and belief, Defendant has knowingly, willfully, and deliberately induced infringement of the '701 Patent in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble

damages pursuant to 35 U.S.C. § 284.

61. Defendant will continue to induce infringement of the '701 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, selling, offering for sale, and importing as mentioned above.

62. The induced infringement of the '701 Patent by Defendant has, and will, deprive Plaintiff of sales, licensing fees, royalties and other related revenue that Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from inducing infringement of the '701 Patent for all products and web services Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '701 Patent.

## COUNT VI

### Contributory Infringement of the 599 Patent

63. Plaintiff incorporates by this reference the averments in the above-stated paragraphs.

64. Defendant has, under 35 U.S.C. § 271(c), indirectly infringed, and continues to indirectly infringe the '599 Patent by, *inter alia*, knowingly providing to its customers a material component of an out-of-band authentication system that was especially made or adapted for use in that system, which is not a staple article or commodity of commerce and which has no substantial, non-infringing use.

65. Upon information and belief, the Defendant had and has knowledge of the '599 Patent.

66. As a direct and proximate result of Defendant's acts of infringing the '599 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the

form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant's infringement.

67. Upon information and belief, Defendant has knowingly, willfully, and deliberately contributed to infringement of the '599 Patent in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

68. Defendant will continue to contribute to infringement of the '599 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, selling, offering for sale, and importing as mentioned above.

69. The contributory infringement of the '599 Patent by Defendant has, and will, deprive Plaintiff of sales, licensing fees, royalties and other related revenue that Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from contributing to infringement of the '599 Patent on all products and web services Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '599 Patent.

## COUNT VII

### Contributory Infringement of the 698 Patent

70. Plaintiff incorporates by this reference the averments in the above-stated paragraphs.

71. Defendant has under 35 U.S.C. § 271(c), indirectly infringed, and continues to indirectly infringe the '698 Patent by, *inter alia*, knowingly providing to its customers a material component of an out-of-band authentication system that was especially made or adapted for use in that system, which is not a staple article or commodity of commerce and which has

no substantial, non-infringing use.

72. As a direct and proximate result of Defendant's acts of infringing the '698 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant's infringement.

73. Upon information and belief, Defendant has knowingly, willfully, and deliberately contributed to infringement of the '698 Patent in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

74. Defendant will continue to contribute to infringement of the '698 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, selling, offering for sale, and importing as mentioned above.

75. The contributory infringement of the '698 Patent by Defendant has, and will, deprive Plaintiff of sales, licensing fees, royalties and other related revenue that Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from contributing infringement of the '698 Patent on all products and web services Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '698 Patent.

## COUNT VII

### Contributory Infringement of the 701 Patent

76. Plaintiff incorporates by this reference the averments in the above-stated paragraphs.

77. Defendant has under 35 U.S.C. § 271(c), indirectly infringed, and continues to indirectly infringe the '701 Patent by, *inter alia*, knowingly providing to its customers a material component of an out-of-band authentication system that was especially made or adapted for use in that system, which is not a staple article or commodity of commerce and which has no substantial, non-infringing use.

78. As a direct and proximate result of Defendant's acts of infringing the '701 Patent, Plaintiff has suffered injury and monetary damages for which Plaintiff is entitled to relief in the form of damages for lost profits and in no event less than a reasonable royalty to compensate for Defendant's infringement.

79. Upon information and belief, Defendant has knowingly, willfully, and deliberately contributed to infringement of the '701 Patent in conscious disregard of Plaintiff's rights, making this case exceptional within the meaning of 35 U.S.C. § 285 and justifying treble damages pursuant to 35 U.S.C. § 284.

80. Defendant will continue to contribute to infringement of the '701 Patent, causing immediate and irreparable harm to Plaintiff unless this Court enjoins and restrains Defendant's activities, specifically the acts of making, using, selling, offering for sale, and importing as mentioned above.

81. The contributory infringement of the '701 Patent by Defendant has, and will, deprive Plaintiff of sales, licensing fees, royalties and other related revenue that Plaintiff would have made or would enjoy in the future; has injured Plaintiff in other respects; and will cause Plaintiff added injury and damage unless Defendant is enjoined from contributing to infringement of the '701 Patent on all products and web services Defendant will make, use, offer for sale, sell, import, distribute, market, or advertise until the expiration of the '701 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, StrikeForce Technologies, Inc., respectfully requests this Court to:

A. Enter judgment for Plaintiff that the '599 Patent, '698 Patent, and '701 Patent were duly and legally issued, are valid, enforceable, and have been infringed, directly and/or indirectly, by Defendant;

B. Enter judgment for Plaintiff that Defendant has willfully infringed, and is willfully infringing, one or more claims of the '599 Patent, '698 Patent, and '701 Patent;

C. Order Defendant to account in written form for and to pay to Plaintiff actual damages to compensate Plaintiff for Defendant's infringement of the '599 Patent, '698 Patent and '701 Patent through and including the date of entry of the judgment on the jury's verdict, including but not limited to, damages for lost profits and in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284.

D. Award Plaintiff treble damages due to Defendant's deliberate, willful, and knowing conduct;

E. Issue a preliminary injunction restraining the Defendant, its directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates, and all persons acting in privity or in concert or participation with Defendant from the continued infringement, direct or contributory, or active inducement of infringement by others, of the '599 Patent, '698 Patent, and '701 Patent;

F. Issue a permanent injunction restraining the Defendant, its directors, officers, agents, employees, successors, subsidiaries, assigns, affiliates and all persons acting in privity or in concert or participation with Defendant from the continued infringement, direct

or contributory, or active inducement of infringement by others, of the '599 Patent, '698 Patent and '701 Patent;

   G. Direct Defendant to file with this Court, and to serve on Plaintiff, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

   H. In lieu of a permanent injunction, order the Defendant to pay to Plaintiff monetary damages that will be suffered as a result of Defendant's continuing post-verdict infringement of the '599 Patent, '698 Patent and '701 Patent by requiring the Defendant to take a compulsory license at a reasonable royalty rate to be determined by the Court on all products that Defendant makes, uses, offers for sale, sells, imports, distributes, markets, or advertises that infringe the '599 Patent, '698 Patent, and '701 Patent until the expiration of the '599 Patent, '698 Patent and '701 Patent, which royalty payments shall commence three months after entry of the judgment and shall be made quarterly thereafter, and shall be accompanied by an accounting of the sales of infringing products by the Defendant;

   I. Order such other measures in the form of audit rights, interest on late payments, and appropriate security to protect Plaintiff's rights;

   J. Order Defendant to pay Plaintiff its costs, expenses, and fees, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and pre-judgment and post-judgment interest at the maximum rate allowed by law; and

   K. Grant Plaintiff such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands that the issues in this case be tried by a jury.

Dated:  August 19, 2014                        BLANK ROME LLP

                                                      By: */s/Steven L. Caponi*
                                                        Steven L. Caponi (DE No. 3484)
                                                        Elizabeth A. Sloan (DE No. 5045)
                                                        1201 Market Street, Suite 800
                                                        Wilmington, Delaware 19801
                                                        Telephone: (302) 425-6408
                                                        Facsimile: (302) 428-5106
                                                        E-mail: Caponi@BlankRome.com

                                                        *ATTORNEY FOR PLAINTIFF*
                                                        *STRIKEFORCE TECHNOLOGIES, INC.*